IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Action No. 10-cr-00184-REB
(Removal from County Court, Baca County, Colorado,
*People of the State of Colorado v. Royce F. Lock,*
Case No. 2008-M-000091)

PEOPLE OF THE STATE OF COLORADO,

v.

ROYCE EARL LOCK,

    Defendant.

---

## ORDER DISMISSING CASE AND IMPOSING SANCTIONS

---

On April 5, 2010, Royce Earl Lock filed *pro se* a document titled "Notice of Removal 28 USC 1441(c)," in which he stated that he was removing to this court from the County Court of Baca County, Colorado, **People of the State of Colorado v. Royce F. Lock,** Case No. 2008-M-000091. Therefore, the instant criminal action was opened in this court.

On April 9, 2010, I ordered Mr. Lock to show cause within thirty days why the instant action should not be remanded summarily to the state court and dismissed in this court, and why filing restrictions should not be imposed against him for his repetitive and abusive filings. On May 18, 2010, Mr. Lock submitted two filings that are nonresponsive to the show-cause order.

I must construe Mr. Lock's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935

F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the instant action will be remanded summarily to the state court and dismissed in this court, and filing restrictions will be imposed against Mr. Lock for his repetitive and abusive filings.

I have drawn from two previous summary remand orders entered in ***People v. Lock***, No. 08-cr-00472-REB (D. Colo. Oct. 20, 2009) (unpublished), and a prior dismissal in ***People v. Lock***, No. 10-cv-00060-CMA (D. Colo. Jan. 29, 2010) (unpublished), for the factual summary and legal analysis below. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." ***Van Woudenberg ex rel. Foor v. Gibson***, 211 F.3d 560, 568 (10th Cir.2000), ***abrogated on other grounds by McGregor v. Gibson***, 248 F.3d 946, 955 (10th Cir. 2001).

In No. 08-cr-00472-REB, I entered two orders for summary remand dated November 18, 2008, and October 20, 2009. Both the November 18 and October 20 orders remanded No. 2008-M-000091 from this court to the County Court of Baca County. The reasons for the remands are stated in detail in those orders. The October 20 remand also pointed out that pursuant to 28 U.S.C. § 1447(d), the remand was not appealable. Nonetheless, Mr. Lock appealed. On June 25, 2009, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied as frivolous Mr. Lock's petition for writ of mandamus concerning the November 18 remand. **See In re: Lock**, No. 09-1166 (10th Cir. June 25, 2009). On December 23, 2009, the Tenth Circuit entered an order concerning the October 20 remand in which it noted that this court

2

could ascertain no basis for removal to federal court. In the December 23 order, the Tenth Circuit also determined it lacked jurisdiction over Mr. Lock's appeal from the October 20 remand because the remand was not appealable pursuant to § 1447(d), and dismissed the appeal. **See People v. Lock**, No. 09-1525 (10th Cir. Dec. 23, 2009).

In No. 10-cv-00060-CMA, this court entered an order of dismissal dated January 29, 2010, in which it treated the document titled both as a "Notice of Removal" and as a "Writ of Habeas Corpus" as a habeas corpus application, denied the application, and dismissed the action. The court noted that Mr. Lock may not achieve through a civil action characterized as a habeas corpus action what he was unable to achieve through two prior attempts to remove the same state criminal case to this court. The court also warned Mr. Lock that sanctions may be imposed on litigants who abuse the judicial system through repetitive filings. Lastly, the court pointed out that, pursuant to § 1447(d), an order remanding a case to the state court from which it was removed was not reviewable on appeal or otherwise and, therefore, the remand of No. 2008-M-000091 was not reviewable a third time postured as a habeas corpus case.

Mr. Lock failed to heed any of these warnings. Once again, he filed a notice of removal removing No. 2008-M-000091 from the state court to this court in this action. Therefore, on April 9, I ordered Mr. Lock to show cause within thirty days why the instant action will be remanded summarily to the state court and dismissed in this court, and why filing restrictions should not be imposed against him for his repetitive and abusive filings. I warned Mr. Lock that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. **See Bailey v. Johnson**, 846 F.2d

3

1019, 1021 (5th Cir. 1988) (per curiam); see **Van Meter v. Morgan**, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). I informed Mr. Lock that the court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. **See Duhart v. Carlson**, 469 F.2d 471 (10th Cir. 1972). I also warned Mr. Lock that if he failed to show cause as directed within the time allowed, the instant action would be dismissed and filing restrictions imposed. As stated earlier in this order, Mr. Lock, as his response, filed two documents nonresponsive to the April 9 show-cause order.

The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. **Tripati v. Beaman**, 878 F.2d 351, 353 (10th Cir. 1989). Filing restrictions are appropriate when a party has engaged in a pattern of litigation activity that is manifestly abusive. **See Johnson v. Cowley**, 872 F.2d 342, 344 (10th Cir. 1989). The instant removal case is repetitive of the removals in No. 08-cr-00472-REB and the habeas corpus action in No. 10-cv-00060-CMA. I find that Mr. Lock has failed within the time allowed to show cause why this action should not be remanded summarily to the state court and dismissed in this court as frivolous or malicious, and why filing restrictions should not be imposed against him for his repetitive and abusive filings.

Therefore, Mr. Lock will be prohibited from initiating in this court any further actions concerning No. 2008-M-000091, by removal or otherwise, without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless he first obtains leave of court to proceed *pro se*. In order to obtain permission proceed *pro se*, Mr. Lock must take the following steps:

4

1. File with the clerk of this court a motion requesting leave to file a *pro se* action;

2. Include in the motion requesting leave to file a *pro se* action the following information:

   A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

   B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues have been raised previously; and

3. Submit the proposed new pleading to be filed in the *pro se* action.

Any motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.LCivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the federal rules of civil or criminal procedure and the Local Rules of Practice of the United States District Court for the District of Colorado.

**THEREFORE, IT IS ORDERED** as follows:

1. That Royce Earl Lock is prohibited from initiating an action in this court concerning ***People of the State of Colorado v. Royce F. Lock,*** County Court of Baca County, Colorado, Case No. 2008-M-000091, by removal or otherwise, without the representation of an attorney licensed to practice in the State of Colorado, unless he

first obtains leave of Court to proceed *pro se*;

2. That this action is remanded summarily to the County Court of Baca County, Colorado;

3. That this action is dismissed in this court as frivolous or malicious; and

4. That the clerk of this court shall mail a certified copy of this order to the clerk of the County Court of Baca County, Colorado.

DATED at Denver, Colorado, June 7, 2010.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge